**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROYAL DIAMOND DOWNS       *

Petitioner       *

v       *       Civil Action No. CCB-12-1085

STATE OF MARYLAND, et al.       *

Respondents       *
      ***

### MEMORANDUM

Respondents assert the above-captioned habeas corpus petition is untimely.  ECF No. 3.
Petitioner has filed a reply asserting he is entitled to an equitable tolling of the applicable filing
deadline.  ECF No. 5.  A hearing is not necessary to resolve the case.  *See* Rule 8(a), *Rules
Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D.
Md. 2011);  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a
hearing under 28 U.S.C. §2254(e)(2)).

### Background

On April 14, 1995, after a jury trial in the Circuit Court for Baltimore City, petitioner was
convicted of first degree murder, conspiracy to commit murder and use of a handgun in the
commission of a felony.   He was sentenced to life plus ten years consecutive on June 2, 1995.
ECF No. 3 at Ex. 2, p. 2.

On July 14, 1995, petitioner filed a motion for modification or reduction of sentence
which was denied on July 31, 1995.  *Id.* at Ex. 1, p. 4. Petitioner filed a direct appeal of his
convictions with the Court of Special Appeals of Maryland, which rendered a judgment
affirming the convictions on September 30, 1996.  *Id.* at Ex. 2.  The Court of Appeals denied
petitioner's request for certiorari review on February 12, 1997.  *Id.* at Ex. 3.  Petitioner sought no

further review with the Supreme Court of the United States.  The judgment, therefore, became

final for purposes of appellate review on May 13, 1997.

On May 5, 1997, petitioner sought post-conviction relief in the Circuit Court for

Baltimore City.  A hearing was held on November 23 and 24, 1998.  ECF No. 1 at p. 2.  In an

opinion dated February 9, 1999, the Circuit Court denied relief.  ECF No. 3 at p. 4.  Petitioner's

subsequent application for leave to appeal the post-conviction court's decision was summarily

denied by the Court of Special Appeals in an opinion dated May 14, 1999.  *Id.*  The mandate

issued on June 17, 1999.  *Id.*  Nothing further was filed until January 3, 2012, when petitioner

filed a motion to reopen post-conviction proceedings.  The motion was denied on January 26,

2012.  *Id.* at Ex. 1, p. 6.

### Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a

person convicted in a state court. *See* 28 U.S.C. ' 2244(d).   This section provides:

> (1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from the
> latest of-
>
>> (A)    the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B)    the date on which the impediment to filing an
>> application created by State action in violation of the
>> Constitution or laws of the United States is removed, if the
>> applicant was prevented from filing by such State action;
>>
>> (C)    the date on which the constitutional right asserted
>> was initially recognized by the Supreme Court, if the right
>> has been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or

>        (D)     the date on which the factual predicate of the claim
> or claims presented could have been discovered through the
> exercise of due diligence.
>
>        (2)     The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending.  *See* 28 U.S.C. '2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir.2000).  "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'"  *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), citing *Harris* 209 F. 3d at 330.  To be entitled to equitable tolling, petitioner in the instant case must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.  *See Harris*, 209 F. 3d at 330.

## Analysis

Petitioner's conviction was final on May 13, 1997; the limitations period for filing a federal habeas corpus petition was stayed until June 17, 1999, upon completion of post-conviction proceedings.  *See* 28 U.S.C. §2244(d).   No proceedings were pending after June 17, 1999, to further toll the deadline. The filing deadline for seeking federal habeas relief expired on June 16, 2000.  The instant petition was filed on April 5, 2012, and is untimely.

Petitioner asserts he is entitled to review of his claims on the merits because "there is a need to correct clear constitutional error; an actual innocents [sic]; preventing a miscarriage of justice; and erroneous [sic] counsel's representation and court's abuse of discretion."  ECF No. 5 at p. 1.  Specifically, he claims that the post-conviction court erred in failing to find that the

3

testimony of Robert Shaw[1] would have changed the outcome of petitioner's trial.  ECF No. 5 at

pp. 1 – 4.  Petitioner states that Shaw testified at the post-conviction hearing that had he been

called to testify at trial he would have stated that he did not know the name of the individual who

shot him, but it definitely was not petitioner.  He further alleges that Shaw's testimony places

petitioner away from the crime scene and contradicts the testimony of the state's sole witness as

to the clothing worn by the assailants.  *Id.*  Petitioner alleges that both trial and post-conviction

counsel erred when they failed to raise Shaw's testimony as newly discovered evidence; trial

counsel failed to conduct pre-trial investigations; and trial counsel failed to present evidence

(through Shaw's testimony) that someone other than petitioner committed the crime.  *Id.* at pp. 4

– 7.  Based on these assertions, petitioner maintains he is actually innocent of the crime for

which he was convicted and entitled to review of "procedurally defaulted" claims.

To the extent that Petitioner is asserting a claim of actual innocence, it is unavailing.

Habeas petitioners may use an actual innocence claim to excuse the procedural default[2] of a

separate constitutional claim upon which they request habeas relief.  *See Murray v. Carrier*, 477

U.S. 478, 496 (1986).  "[W]here a constitutional violation has probably resulted in the conviction

of one who is actually innocent, a federal habeas court may grant the writ even in the absence of

a showing of cause for the procedural default."  *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th

Cir. 2003).

---

[1] Petitioner's co-defendant was accused of shooting Shaw.  ECF No. 1, Ex. 2, p. 23.

[2] A procedural default occurs where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction proceedings); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).  A procedural default also may occur where a state court declines "to consider the[] merits [of a claim] on the basis of an adequate and independent state procedural rule."  *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show: (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[3]   *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488).   Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.   *See Schlup v. Delo*, 513 U. S. 298, 314-15 (1995).   The claims in the instant case are not procedurally defaulted; they are time-barred.   Thus, the court cannot hear the merits of the claims absent a basis for equitable tolling or existence of an exception to the one-year filing deadline.

Petitioner further claims the limitations period should not apply to his case because it was passed into law after the date of his conviction.   ECF No. 5 at p. 12.   Petitioner's assertion is incorrect.   The statutory time limitation applies to all federal habeas petitions filed after the effective date of Antiterrorism and Effective Death Penalty Act (AEDPA) which was April 23, 1996.   *See Brown v. Angelone*, 150 F.3d 370, 372 (4th Cir. 1998). For those prisoners whose convictions became final before the effective date of AEDPA, the filing deadline was one year

---

[3]   Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.   *See Murray v. Carrier*, 477 U.S. at 496 ("[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."); *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003).   Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

from the date it became effective i.e., until April 23, 1997.  *Id.* at 375.  Petitioner's assertion regarding the application of the filing deadline to his case is without merit.

Petitioner asserts that extraordinary circumstances exist in this case, entitling him to an equitable tolling of the filing deadline, because he has been unable to afford to replace trial transcripts which were "somehow lost in a 1997 riot at Maryland Corrections Annex."  ECF No. 5 at p. 12.  He seeks an order from this court requiring production of his trial transcripts free of cost. To be entitled to equitable tolling, petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.  *See Harris*, 209 F. 3d at 330.  Petitioner offers no explanation regarding how the loss of his trial transcripts prevented him from filing the instant petition, nor does he explain the lengthy delay between the time the transcripts were lost and the date he submitted his petition to this court.  The loss of petitioner's trial transcripts and his subsequent inability to pay for a new copy does not constitute an extraordinary circumstance where the delay in seeking federal habeas relief exceeds 12 years.

Petitioner asserts that ineffective assistance of trial counsel caused the "procedural default" and constitutes an external impediment excusing the default.  ECF No. 5 at p. 13.  As noted above, the doctrine of procedural default and the exceptions thereto do not apply to a time-barred petition.

The court finds no basis for excusing the delay in filing the instant petition.  As such, the merits of the claims may not be considered and the petition must be dismissed.  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). A separate order dismissing the petition and denying a certificate of appealability follows.

 July 27, 2012                                                    _____/s/_____
Date                                                                      Catherine C. Blake
                                                                             United States District Judge